# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH LAFAYETTE,<br><br>    Petitioner,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA TUOLUMNE COUNTY,<br><br>    Respondent. | Case No.  1:14-cv-01019-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR IMMEDIATE INJUNCTION |

      Petitioner is proceeding pro se with a petition for writ of habeas corpus. She filed the instant petition on June 25, 2014. She is apparently awaiting court trial concerning a charge of driving under the influence. She raises several claims regarding the trial court process. For instance, she claims she was not read her Miranda[1] rights when she was arrested. She claims the judge has erroneously denied her motions concerning jurisdiction. Additionally, she claims the trial court is without jurisdiction because a "gold-fringed" flag is displayed in the courtroom, and such flags are reserved courts of the military.[2]

///

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] As to this additional point, Petitioner's argument is entirely without any legal foundation or historical accuracy. The jurisdiction of a particular court is not based upon the "fringe" located on a flag, but instead the jurisdiction conferred on it by the appropriate legislative body.

# I.

# DISCUSSION

**A. Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.   Younger Abstention**

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003).

In the instant petition, Petitioner complains she is being denied her constitutional due process rights in proceedings prior to her court trial. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San

Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir. 2007).  Exceptions to Younger abstention exist where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

In this case, the state proceedings are ongoing. Further, Petitioner cannot dispute that the pending state proceedings implicate important state interests. Additionally, there is no reason to believe that Petitioner is being denied an adequate and full opportunity to raise her claims in the state courts. Further, Petitioner's habeas petition threatens to interfere with the state proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state proceedings.  Finally, no exception to Younger abstention applies.  There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.  The Court therefore concludes that Younger abstention requires the dismissal of the petition herein.

**C.     Petition for Immediate Injunction**

On August 4, 2014, Petitioner filed a petition for immediate injunction.  She claims the trial court is proceeding in a "rush to judgment." See Pet. for Immediate Injunction at 4.  She asks that the trial court process be stayed pending resolution of the instant habeas petition.

Petitioner fails to establish she is entitled to preliminary injunctive relief.  To prevail on such a request, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984)); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must

demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

Petitioner fails to meet this high standard for injunctive relief. As previously discussed, the Court must abstain from interfering with the ongoing state criminal proceedings.

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED with prejudice, and the petition for immediate injunction be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 7, 2014**

UNITED STATES MAGISTRATE JUDGE

4